## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ROQUILLA COOPER,** | § | |
| | § | |
| Plaintiff**,** | § | **Civil Action No.** |
| | § | |
| **v.** | § | |
| | § | <u>**Jury Trial Demanded**</u> |
| **MIRAMED REVENUE GROUP, LLC,** | § | |
| | § | |
| Defendant**.** | § | |
| _____ | § | |

## <u>COMPLAINT</u>

ROQUILLA COOPER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIRAMED REVENUE GROUP, LLC ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

### PARTIES

4.      Plaintiff is a natural person residing in Dallas, Texas 75217.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.     Defendant is a debt collection company with corporate offices located at 360 E. 22nd Street, Lombard, Illinois 60148.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6) and sought to collect a debt from Plaintiff.

9.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10.    Debt collection is the principal purpose of Defendant's business.

11.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

14.    Plaintiff does not have any business or commercial debts, so the debt in question must be personal debt incurred primarily for personal, family, or household purposes.

15.    Beginning in or around late 2016 and continuing through July 2017, Defendant placed repeated, unwanted collection calls to Plaintiff's cellular telephone.

16.    Plaintiff received both live calls with real collectors as well as automated calls that would include a pre-recorded voice or message.

17.    Plaintiff received collection calls from telephone numbers including, but not limited to: (866) 910-2605. The undersigned has confirmed the number as belonging to Defendant.

18.    During these calls, Defendant asked Plaintiff to confirm her name, address and

- 2 -

date of birth before it could provide information regarding the alleged debt being collected.

19.     Citing reasonable security concerns, she refused to disclose her address and date of birth to Defendant during their repeated calls, but did regularly confirm her name.

20.     Shortly after calls began in or about 2016, Plaintiff spoke to Defendant and insisted that their repeated calls stop.

21.     Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to placing further calls to her.

22.     Further, once Defendant knew the calls were unwanted, any further calls could only have been placed for the purpose of harassment.

23.     However, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call her multiple times per day.

24.     Plaintiff requested on several occasions through July 2017 that Defendant stop calling her cellular telephone.

25.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

26.     Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as she received calls that began with a recording.

27.     Defendant's calls were not placed for emergency purposes.

28.     During this time Plaintiff received calls prior to 8:00am and after 9:00pm.

29.     Defendant also threatened to pursue legal action against Plaintiff in or around early 2017.

30.     Upon information and belief, Defendant did not intend to pursue legal action against Plaintiff but made this threat in order to coerce payment from Plaintiff.

31.     Further, Defendant failed to send written notification to Plaintiff setting forth her

- 3 -

rights pursuant to the FDCPA.

32.     Frustrated, annoyed, and overwhelmed by Defendant's excessive calling, Plaintiff downloaded an application to her cellular telephone to block Defendant's telephone calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

33.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

35.     Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff and continued to call knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(5)  AND 1692e(10) OF THE FDCPA

36.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.     Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or is not intended to be taken.

38.     Section 1692e(10) of the FDCPA prohibits debt collectors from using of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39.    Defendant violated §§ 1692e, 1692e(5), and 1692e(10) when it threatened to pursue legal action against Plaintiff without the intent to take such action.


## COUNT III
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

40.    A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

41.    Defendant violated § 1692c(a)(1) when it contacted Plaintiff before 8:00am and after 9:00pm.


## COUNT IV
## DEFENDANT VIOLATED § 1692g OF THE FDCPA

42.    A debt collector violates §1692g if within five days after initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current

creditor.

43.     Defendant violated §1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

## COUNT V
### DEFENDANT VIOLATED THE TELEPONE CONSUMER PROTECTION ACT

44.      Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

45.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

46.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

47.     Despite the fact that Plaintiff having revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

48.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

49.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROQUILLA COOPER, respectfully prays for a judgment as follows:

      a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.  Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

      d.  All actual damages suffered pursuant to 47 U.S.C.§ 227(b)(3)(A);

      e.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      f.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      g.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      h.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROQUILLA COOPER, demands a jury trial in this case.

DATED: August 18, 2017                    KIMMEL & SILVERMAN, P.C.

                                          By:   */s/Amy L. Bennecoff Ginsburg*
                                          Amy L. Bennecoff Ginsburg
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: aginsburg@creditlaw.com